IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALLACE LEE MAPLES,                    :
                                       :
        Petitioner,                    :
                                       :
vs.                                    :    CIVIL ACTION NO.12-00508-KD-B
                                       :
SAM COCHRAN,                           :
                                       :
        Respondent.                    :

## Report and Recommendation

Wallace Lee Maples filed the instant habeas corpus petition (Doc. 1) pursuant to 28 U.S.C. § 2254. In the petition, Maples challenges his continued confinement in the Mobile Metro Jail. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be **DISMISSED** as moot because Maples is no longer in custody.

### I. BACKGROUND FACTS

Petitioner Wallace Lee Maples filed this action while an inmate confined at the Mobile Metro Jail in Mobile, Alabama. In his pleadings, Maples declares that he was detained without bond, an indictment, nor a trial from April 27, 2011, through the date of his petition, August 14, 2012, (nearly 15 months) in violation of his Fourteenth Amendment right to due process of

1

law. (Id., at ¶ 1-4).  In his prayer for relief, Maples requests the issuance of an order directing the Respondent to show cause for Petitioner's continued detention. (Id., at ¶ 5).  On September 11, 2012, the Court issued an order directing the Respondent to show cause why the writ should not be granted and to detail the reason for Maples' detention. (Doc. 4).

In response, Respondent, on September 27, 2012, submitted an Answer detailing Maple's arrest and detention, and asserting that his habeas petition is moot because he has been released from custody. (Doc. 7).  According to Respondent, Maples was arrested on April 27, 2011 for the offense of possession of a controlled substance, methamphetamine, and on May 24, 2011, he waived his preliminary hearing in the Mobile County District Court; thus, his case was bound over for consideration by a Mobile County Grand Jury. (Id., Exh. B, Pgs. 1, 3-4, 6-8, 10-11).  On May 16, 2012, the Mobile County District Attorney filed a "Motion to Remand and Nolle Prosequi Complaint," and therein asserted that a forensic analysis revealed that the substance found in Maple's possession was not methamphetamine. (Id., Exh. B, Pg. 18).  On September 11, 2012, the Mobile County District Court granted the State's motion to nolle prose Maple's case. (Id., Exh. A).

A review of the Mobile Metro Jail website reflects that Maples was released from that facility on September 6, 2012.

(http://www.mobileso.com/whos-in-jail/ last visited October 25, 2012). Additionally, the Court's file reflects that Maples' copy of the Court's Order dated September 11, 2012 was returned to the Court with the notation "Return to Sender, No Longer Here." (Doc. 6).

## II. ANALYSIS

Article III, § 2 of the United States Constitution requires the existence of a case or controversy throughout all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be addressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed. 2d 400 (1990); Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Serv., 225 F.3d 1208, 1217 (11th Cir. 2000)("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). If an event occurs subsequent to the filing of a lawsuit, which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. De La Teja v. U.S., 321 F.3d 1357, 1362 (11th Cir. 2003). Thus, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. See Cotterall v. Paul, 755 F. 2d 777, 780 (11th Cir. 1985) (past exposure to

even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). It is clear from the pleadings and the records before Court that Plaintiff is no longer in custody, and is not subject to any collateral consequences from his prior prosecution. Thus, this action has been rendered moot.

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Maples' petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **25th** day of **October, 2012.**


                              /S/ SONJA F. BIVINS
                      **UNITED STATES MAGISTRATE JUDGE**

4

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

objection may be deemed an abandonment of
the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.    **Opposing party's response to the objection.**  Any opposing
party may submit a brief opposing the objection within fourteen
(14) days of being served with a copy of the statement of
objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.